IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

Rodney Gardner )
2407 Fruitville Road )
Sarasota, Florida 34237, )
)
        Plaintiff ) Case No.
        In proper person )
vs. ) 8:09-cv-00789-F-17 EAJ
)
Sterling Moving and Storage, Inc. )
8441 Dorsey Run Road )
Jessup, Maryland 20794, )
)
serve on: )
The Corporation Trust )
Incorporated, 300 E. Lombard St., )
Baltimore, Maryland 21202, )
    Registered Agent )
)
        Defendant )
   and )
)
Timothy T. Raver, General Manager, )
Sterling Moving & Storage )
8441 Dorsey Run Road )
Jessup, Maryland 20794 )
in his official capacity )
)
and )
)
Timothy T. Raver, Individually )
8441 Dorsey Run Road )
Jessup, Maryland 20794 )
)
and )
)
North American Van Lines )
5001 U.S. Highway 30 West )
Fort Wayne, Indiana 46818 )
)
and )
)

Associated Auctioneers & )
Appraisers, Inc. )
4201 Sundown Road )
Laytonsville, Maryland 20882 )
serve on: Resident Agent )
Timothy Guy Smith, Esq. )
2480 Route 97, Suite 7 )
Glenwood, Maryland 21738 )
  )
and )
  )
Roy Gregory in his official )
capacity at Associated Auctioneers )
& Appraisers, Inc. )
  )
and )
  )
Roy Gregory, Individually )
serve on: )
Timothy Guy Smith, Esq. )
2480 Route 97, Suite 7 )
Glenwood, Maryland 21738 )
  )
       Defendants. )
  )
_____/

## ACTION IN DIVERSITY
## SUIT FOR WRONGFUL SALE OF STORED GOODS
## IN VIOLATION OF UNITED STATES COMMERCIAL
## CODE §7-210
## CONVERSION

Plaintiff, in proper person, hereby sues the Defendants and brings this action under the Diversity Section of the U.S. Code Title 28, §1332. Plaintiff is a citizen of the United States and a resident of the State of Florida and the Defendant Corporations and Individuals are authorized corporations in the State of Maryland or individuals residing in or doing business in the State of Maryland and the Defendants individually are citizens and residents of the State of Maryland.

Defendant North American Van Lines, is a Corporation under the laws of the

State of Indiana. The amount in question is in excess of Seventy-Five Thousand Dollars ($75,000) without regard to set off, interest, or costs.

## COUNT I

## CONVERSION

1. Defendant North American Van Lines, has corporate headquarters is in Fort Wayne, Indiana. Defendant Corporation and the Plaintiff entered into a moving contract in 2006 to move household goods from Florida to the Maryland area, and Defendant Sterling Moving & Storage, Inc. and Plaintiff entered into a storage contract.

2. Plaintiff relied upon the reputation and prestige of Defendant North American Van Lines in the selection of same. Defendant North American Van Lines was negligent in not training or otherwise requiring and maintaining reasonable standards for the selection of and the continuance of the Defendant Agent Sterling Moving & Storage in that Sterling Moving & Storage had, by their own admission to the Plaintiff in a telephone conversation... "didn't know how to do a storage sale and had never conducted one." This contributing negligence contributed to the result of the wrongful sale and conversion of Plaintiff's goods, for a total of $1,603.00. Plaintiff's reliance on the prestige of Defendant North American Van Lines Plaintiff alleges survives the end of the moving contract because the Defendant Sterling Moving & Storage keeps using that as an inducement for people to do business with them.

Defendants have never even informed Plaintiff of when the sale took place and could not have really been concerned about the storage fees because no written request for any balance has ever been transmitted to the Plaintiff following what was an apparent sale in the early Spring of 2008. It is alleged by this Plaintiff that the sale

was a direct result of the Plaintiff's discovering the Defendants Sterling Moving & Storage, Timothy T. Raver and Roy Gregory and his auctioneering company in the fraudulent representation of the facts necessary to try an effect a sale. Defendant Sterling Moving & Storage and Timothy T. Raver claimed in writing that there was never any money paid on the account when in fact $3,700 was paid by Plaintiff's credit card. 3.   The Uniform Commercial Code requirements for warehouseman's lien sale, are enumerated in §7-210 and Plaintiff alleges that all Defendants were negligent in not following those requirements resulting in the wrongful sale. These requirements are non-variable and strict and the application of these strict and non-variable requirements are legally well settled.

4.  Defendants violated a plurality of the requirements referred to in the above Item 3. Defendants Sterling and Raver established the pattern and method of notice by registered mail.

5.  Defendants Sterling Moving & Storage, Timothy T. Raver, and Roy Gregory, and Associated Auctioneers & Appraisers, Inc. negligently, recklessly, and with premeditation disregarded the requirements of §7-210 in the attempt to make a sale and further, said Defendants deliberately, recklessly, and fraudulently, and with vindictive premeditation directed the auctioneer and represented and supplied to the auctioneer, among the following but not limited to erroneous materials, fraudulent materials, outdated and erroneous information, and copies of same to attempt and make a sale of Plaintiff's stored goods, and further Defendant Associated Auctioneers & Appraisers, Inc. and Roy Gregory, individually, became willing vindictive participants in this scheme to affect a sale after having been discovered by the Plaintiff of trying

to do the same thing on a prior attempt of a sale in violation of Section 7-210. Defendant Gregory cancelled said sale because it did not meet the requirements of Section 7-210.

6.  There is no arbitration available to the Defendants because the Defendants Sterling and Raver falsely represented in their contract that they were a member of the Registered Mover Council of the Movers and Warehouseman's Association of Maryland, Inc.

7.  Defendant Sterling Moving & Storage are in fact not members of that organization and have falsely claiming that in Section 13 of their contract. That association and council has informed the Defendants on August 22, 2008, to remove all references to their arbitration program from their contracts.

8.  Further, Plaintiff has been informed by similarly situated national van lines and moving and storage companies that the reference to a per pound limit of liability for loss or damage does not apply in tort matters such as the instant case.

WHEREFORE the Plaintiff claims damages in the total amount of One Million Eighty-Four Thousand Dollars ($1,084,000). This includes Ninety-Two Thousand Dollars ($92,000) for the original value of the goods, plus One Hundred Thousand Dollars ($100,000) in costs to replace or reconstitute the items and Four Hundred Thousand Dollars ($400,000) in punitive damages. Damages of $592,000 are asked by the Plaintiff from both the Defendant corporation Sterling Moving & Storage and the Defendant individually, Timothy T. Raver. This is because Plaintiff claims that Timothy T. Raver let his personal vindictiveness and frustration after his deliberate, reckless, mistaken application of the §7-210 of the Uniform Commercial Code

requirements on more than one occasion, when he was notified of same in writing and recklessly continued with those same methods did not care in any way whether those requirements were met and further influenced and fraudulently induced the auctioneering firm with the above stated false representations in writing, to affect in more than one instance to attempt to sell and did continue in spite of same to affect an erroneous and wrongful sale of stored goods.

## COUNT II

## NEGLIGENCE

The allegations in Items Numbers 1 through 8 are hereby adopted, referenced and included by reference, as if fully pleaded herein.

9. Among the errors, omissions and mistakes of Sterling Moving & Storage, Inc. and Timothy T. Raver, individually, were repeated and deliberate, ignoring, of, and fraudulently misstating to the auctioneer documents and copies of same which were designed to result in a sale of stored goods which always were false and deliberately false representations of so called notices and advertising requirements and time elements which are strictly required and non-variable of requirements of §7-210.

WHEREFORE, the Plaintiff claims damages in the amount of Five Hundred Ninety-Two Thousand Dollars ($592,000), of which $92,000 is the value of said goods plus the costs to acquire, replace, reconstitute and reconstruct those goods of $100,000 and $400,000 in punitive damages. *$392,000 Damages as to Gregory and associated Auctioneers, and Gregory in official Capacity, $100,000 as to North American Van Lines.*

## COUNT III

## GROSS NEGLIGENCE

The allegations in Item Numbers 1-9 are hereby adopted, referenced and

included as if fully pleaded herein.

WHEREFORE Plaintiff claims additional punitive damages in the amount of Four Hundred Thousand Dollars ($400,000) because the Defendants knew or should have known they were committing such acts outlined above and based on the size of the Defendants' companies and estimates of their worths herein, said additional damages are included in the One Million Eighty-Four Thousand Dollars ($1,084,000) total damages.

WHEREFORE Plaintiff claims total damages in the total amount of One Million Eighty-Four Thousand Dollars ($1,084,000) for the value of the goods, including custom made furniture, a church organ (full pedal board and cherry wood), two other pianos, personal mementos, including, but not limited to the ashes of the Plaintiff's mother, and other household goods, player piano, music rolls and further totaling some six pages, and the total damages include costs, damages and punitive damages.

The above damages are hereby summarized as follows:

As to Defendant Sterling Moving & Storage, Inc. and Timothy T. Raver, in his official capacity and Timothy T. Raver, Individually ... $592,000 of which $92,000 is the value of said goods plus the costs to acquire, replace, reconstitute, and reconstruct those goods... $100,000, plus $400,000 in punitive damages.

As to Associated Auctioneers Appraisers, Inc. and Roy Gregory, Individually ... $200,000 in punitive damages, plus $100,000 in costs to acquire, replace, reconstitute, and reconstruct the goods, plus the value of the goods of $92,000.

As defendant North American Van Lines ... $100,000 in punitive damages

Plaintiff prays a jury trial in said matter.

*Rodney Gardner*
Rodney Gardner, Plaintiff
2407 Fruitville Road
Sarasota, Florida 34237
941.284.0047